UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK L. LEYVA, JR. and
MOLISSA A. LEYVA,

    Plaintiffs,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO. 2:21-CV-987-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: October 8, 2021

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Presently before the Court is Plaintiffs Frank L Leyva, Jr. and Molissa A. Leyva's Motion for Remand. Dkt. 11. The Court concludes the amount in controversy exceeds $75,000. Therefore, the undersigned recommends the Motion for Remand (Dkt. 11) be denied.

**I.**    **Background**

Plaintiff filed the instant action in Whatcom County Superior Court – a Washington State court – on June 9, 2021. Dkt. 1-1. The action arises from Defendant Allstate Fire & Casualty Insurance Company's (Allstate) alleged improper handling of Plaintiffs' claims of property

REPORT AND RECOMMENDATION - 1

damage and loss of use of their vehicle following a motor vehicle accident. *See id*.; Dkt. 11. Plaintiffs allege Allstate is liable under theories of breach of contract, bad faith, and negligence. Dkt. 1-1. Plaintiffs also allege Allstate violated Washington's Insurance Fair Conduct Act (IFCA). *Id*.

On July 23, 2021, Allstate removed this action to this Court under a theory of diversity jurisdiction. Dkt. 1. Plaintiffs filed the Motion for Remand on August 18, 2021, with supporting evidence. Dkt. 11-13. Allstate filed their Response to the Motion for Remand, with supporting evidence, on September 7, 2021. Dkt. 14-15. Plaintiffs did not file a reply.

**II.     Discussion**

A. *Standard of Review*

When a case is filed in state court, removal is proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). It is presumed, however, "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir.2009) (quoting *Abrego Abrego v. Dow Chem. Co.,* 443 F.3d 676, 684 (9th Cir.2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal was proper by a preponderance of evidence. *Id.* at 567; *Sanchez v.*

*Monumental Life Ins. Co.,* 102 F.3d 398, 403–04 (9th Cir.1996). However, this Court lacks discretion to remand a case to the state court if the case was properly removed. *Carpenters S. Cal. Admin. Corp. v. Majestic Hous.,* 743 F.2d 1341, 1343 (9th Cir.1984), *abrogated in part on other grounds, Southern Cal. IBEW–NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F.3d 920, 924 n. 6 (9th Cir.2001).

    B.  *Diversity Jurisdiction – Amount in Controversy*

Plaintiffs argue only that Allstate has failed to demonstrate the requisite amount in controversy for diversity jurisdiction in this Court. Dkt. 11. "The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003). Conclusory allegations by a defendant will not suffice to overcome the traditional presumption against removal jurisdiction. *Rodgers,* at 1178; *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 375 (9th Cir.1997). Instead, this Court may look beyond pleadings and consider other summary judgment type evidence relevant to the amount in controversy. *Kroske v. U.S. BankCorp.,* 432 F.3d 976, 980 (9th Cir.2005); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004). Importantly, the amount in controversy is established at the time of removal. *Matheson,* 319 F.3d at 1090. The amount in controversy includes actual damages, punitive damages, and attorney's fees authorized by contract or statute. *See Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir.2001); *Kroske,* 432 F.3d at 980.

The Amended Complaint does not allege the total amount of damages sought; rather, Plaintiffs state they seek to recover an award of "actual damages and exemplary damages three times the amount of actual damages" and "reasonable attorneys' fees and actual and statutory litigation costs; including expert fees costs and fees incurred herein[.]" Dkt. 1-1, p. 10. In the Motion to Remand, Plaintiffs state that, at the time of removal, the fair market value of the vehicle at issue was $28,995 and the loss of use claim was less than $10,000. Dkt. 11. Plaintiffs also contend attorneys' fees and costs were less than $3,100 at the time the case was filed. *Id*. However, Plaintiffs state they have alleged treble damages under IFCA. *Id*. at p. 2.

Allstate argues the amount in controversy has been met because Plaintiffs seek trebling of the alleged actual damages. Dkt. 14. Further, Plaintiffs' demand letter indicates the amount in controversy for the bad faith claim and car replacement exceeds $75,000. *Id*.

Plaintiffs' alleged actual damages, when trebled, exceed $75,000. "When plaintiffs request treble damages under the IFCA, . . . this Court trebles the amount alleged to determine the amount in controversy." *Wilson v. Geico Indem. Co.*, 2018 WL 3594474, at *2 (W.D. Wash. July 26, 2018). Plaintiffs seek damages for the vehicle and loss of use in the amount of $38,995 plus attorneys' fees and litigation costs. *See* Dkt. 1-1. Plaintiff seeks "exemplary damages three times the amount of actual damages." *Id*. at ¶ 10.1(h); *see also* Dkt. 11 (stating Plaintiffs seek treble damages under IFCA). Plaintiffs' request for treble damages raises the amount in controversy to at least $116,985 ($38,995 multiplied by three). Therefore, even without including a potential award of attorneys' fees and statutory costs, Allstate has shown the amount in controversy exceeds $75,000. *See Nw. Ry. Museum v. Indian Harbor Ins. Co.*, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (denying remand when the plaintiff requested treble damages under IFCA and estimated damages under insurance policy were at a minimum of

$25,000); *Trujillo v. Allstate Ins. Co.*, 2009 WL 2843348, at *1 (W.D. Wash. Aug. 31, 2009) ("In this case, plaintiffs have explicitly alleged that their damages exceed $31,000, and they have sought trebling of their damages [under IFCA and CPA]. Those amounts alone exceed $90,000 and exceed the jurisdictional threshold.").

Moreover, the demand letter is sufficient to establish the amount in controversy, as long as it contains a reasonable estimate of a plaintiff's claim. *Egal v. Geico Gen. Ins. Co.*, 2015 WL 1632950, at *4 (W.D. Wash. Apr. 13, 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiffs submitted a demand letter to Allstate demanding $75,000 for the car replacement and Allstate's breach of contract and violations of bad faith and IFCA laws. Dkt. 15-1, p. 6. The demand letter stated Plaintiffs believe a jury would return a verdict of "$100,000 for the bad faith and car replacement." *Id*. Thus, the demand letter also shows the amount in controversy exceeds $75,000.

For these reasons, Allstate has met its burden and established the amount in controversy exceeds $75,000.[1] Therefore, the Court has jurisdiction over this case and recommends the Motion to Remand (Dkt. 11) be denied.

### III.  Conclusion

As Allstate has met its burden to establish the amount in controversy exceeds $75,000, the Court recommends the Motion for Remand (Dkt. 11) be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

---

[1] The Court notes Plaintiffs did not file a reply disputing Allstate's assertions regarding the amount in controversy. Plaintiffs admit they are seeking treble damages and do not dispute that the demand letter was an reasonable estimate of the value of their claim.

review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on October 8, 2021, as noted in the caption.

      Dated this 22nd day of September, 2021.

David W. Christel
United States Magistrate Judge