UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK L. LEYVA, JR. and
MOLISSA A. LEYVA,

    Plaintiff,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO. 2:21-CV-987-RSM-DWC

ORDER ON MOTION TO COMPEL
AND STAY

    The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Presently before the Court is Defendant Allstate Fire & Casualty Insurance Company's Motion to Compel Appraisal and Stay Litigation. Dkt. 23.

    Plaintiffs Frank L Leyva, Jr. and Molissa A. Leyva filed the instant action in Whatcom County Superior Court – a Washington State court – on June 9, 2021. Dkt. 1-1. The action arises from Defendant Allstate Fire & Casualty Insurance Company's (Allstate) alleged improper handling of Plaintiffs' claims of property damage and loss of use of their vehicle following a motor vehicle accident. *See id.*; Dkt. 11.

On January 27, 2022, Allstate filed the pending Motion to Compel. Dkt. 23. Allstate requests the Court compel Plaintiffs to abide by the terms of the insurance policy and participate in an appraisal of the vehicle at issue in this lawsuit. *Id*. Allstate also seeks a stay of this litigation until the appraisal is completed. *Id*. On February 7, 2022, Plaintiffs filed a Response to the Motion to Compel agreeing to participate in the appraisal and requesting a four-month stay. Dkt. 26. Allstate contends Plaintiffs' request includes appraisal terms that complicate the litigation. Dkt. 30. Allstate also asserts a four-month stay is unnecessary. *Id*.

The parties agree to an appraisal and a stay; however, the parties dispute the terms of the appraisal and the length of the stay. Therefore, the Motion to Compel (Dkt. 23) is granted as follows:

1. Each party shall choose, at their own expense, an appraiser to participate in an appraisal of Plaintiffs' 2016 Nissan Maxima consistent with the terms set forth in Plaintiffs' insurance policy with Allstate.[1]

2. The two appraisers will choose an umpire. If the appraisers cannot agree on an umpire, the undersigned will select one.

3. The appraisers shall arrange an agreeable time and location to conduct a joint inspection of the vehicle, which must occur within sixty (60) days of the date of

---

[1] Under the terms of the insurance policy issued by Allstate to Plaintiffs,

> Both [Plaintiffs] and [Allstate] have a right to request an appraisal of the loss. In the event there is mutual consent of the parties, each will appoint and pay a qualified appraiser. Other appraisal expenses will be shared equally. The two appraisers, or a judge of a court of record, will choose an umpire. Each appraiser will state the actual cash value and the amount of loss. If they disagree, they will submit their differences to the umpire. A written decision by any two of these three persons will determine the amount of the loss.

Dkt. 25 at 51.

ORDER ON MOTION TO COMPEL AND STAY - 2

this Order. Plaintiffs shall provide any information or documentation requested by the appraisers.

4. The appraisers shall conduct their work and submit their findings. If they agree on the issues and results, the appraisal is complete. If they disagree, any disagreement between the appraisals shall be submitted to the umpire and resolved by the terms set forth in the insurance policy.

As the Court has granted the parties' Stipulated Motion to Continue Trial Date and Extend Deadlines, the Court declines Plaintiffs' request to stay this case for four months. *See* Dkt. 34. This matter is stayed until the appraisal is completed. Within fourteen (14) days of completing the appraisal, the parties shall file a joint status report advising the Court of the outcome of the appraisal and the status of this case.

Dated this 21st day of March, 2022.

David W. Christel
United States Magistrate Judge

ORDER ON MOTION TO COMPEL AND STAY - 3