UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FRANK L. LEYVA, JR. and
MOLISSA A. LEYVA,

    Plaintiffs,

v.

ALLSTATE FIRE & CASUALTY
INSURANCE COMPANY,

    Defendant.

CASE NO. 2:21-CV-987-RSM-DWC

ORDER ON MOTION TO COMPEL

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Presently before the Court is Defendant Allstate Fire & Casualty Insurance Company's Motion to Compel. Dkt. 41. Having considered the parties' briefing and the relevant record, the Motion (Dkt. 41) is granted-in-part and denied-in-part.

**I.    Background**

Plaintiffs Frank L Leyva, Jr. and Molissa A. Leyva filed the instant action in Whatcom County Superior Court – a Washington State court – on June 9, 2021. Dkt. 1-1. The action arises

from Allstate's alleged improper handling of Plaintiffs' claims of property damage and loss of use of their vehicle following a motor vehicle accident. *See id*.; Dkt. 11.

On May 12, 2022, Allstate filed the pending Motion to Compel, seeking a Court order compelling Plaintiffs to respond to Interrogatory Nos. 10-13 and 15 and Request for Production ("RFP") Nos. 3-14 and 22-24. Dkt. 41. Plaintiffs filed a Response on May 23, 2022 and Allstate filed its Reply on May 27, 2022. Dkt. 44, 48.

**II.     Discussion**

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR

37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

### A. *Meet and Confer*

The Court finds Allstate has failed to comply with this Court's meet and confer requirements. Allstate's counsel, Bryan Case, states he had a telephonic discovery conference with Plaintiffs' counsel, Tom Lester, on December 13, 2021. Dkt. 42, Case Dec., ¶ 5. Following the discovery conference, Mr. Lester provided some supplemental discovery responses. *See id*. at ¶¶ 6-7. On January 28, 2022, Mr. Case sent an email to Mr. Lester explaining that he believed Plaintiffs' supplemental responses were still incomplete. *Id*. at ¶¶ 7, 9. Allstate informed Mr. Lester that he would be filing a motion to compel. *Id*. at ¶ 9. There is no evidence Mr. Case and Mr. Lester had a telephonic or in-person conference following service of Plaintiffs' supplemental discovery responses or Mr. Case's January 28, 2022 email.

On January 27, 2022, Allstate filed a motion to compel and motion to stay this case pending the outcome of an appraisal of Plaintiffs' 2016 Nissan Maxima. Dkt. 23. The Court granted the motion, ordered the parties to have the vehicle appraised, and stayed the litigation until the appraisal was complete. Dkt. 36. On May 4, 2022, the Court lifted the stay and reminded the parties that they were required to meet and confer to attempt resolve discovery disputes without Court intervention before filing any discovery motions. Dkt. 39.

The Court finds the parties' one telephonic conference in December of 2021 and Allstate's January 28, 2022 email is not sufficient to meet the meet and confer requirements. Allstate filed the pending Motion to Compel nearly six months after the telephonic conference and the parties did not meet and confer following Plaintiffs' additional discovery responses. For

these reasons, the Court finds the Motion to Compel should be denied for failing to meet the meet and confer requirements.

### B. *Merits of the Motion to Compel*

While the Court has determined the Motion to Compel should be denied for failing to properly meet and confer, it does not appear any purpose would be served by requiring the parties to confer before the Court considers the Motion to Compel. Therefore, the Court will consider the issues raised in the pending Motion. However, the Court will not consider any additional discovery motions until the parties have fully complied with the meet and confer requirements.

#### 1. Interrogatories

Allstate requests Plaintiffs be compelled to respond to Interrogatory Nos. 10-13 and 15. Dkt. 41. In Interrogatory Nos. 10-13, Allstate requests Plaintiffs identify the factual basis for their claims of breach of contract, insurance bad faith, negligence, and violations of the Insurance Fair Conduct Act ("IFCA") alleged against Allstate. *Id*. at 6. In Interrogatory No. 15, Allstate requests Plaintiffs identify all damages allegedly caused by Allstate, as well as the calculation and factual basis for those alleged damages. *Id*. at 8. Plaintiffs objected to all five interrogatories, stating that Allstate is seeking information that is overly broad, burdensome, and beyond the scope of Federal Rule of Civil Procedure 26(b). *See* Dkt. 42-1 at 8-12. Plaintiffs also argue that answers to Interrogatory Nos. 10-13 and 15 are an attempt to improperly learn Plaintiffs' process and determine ultimate facts in this case. *See id*.; Dkt. 44.

Defendants are entitled to know what acts and facts Plaintiffs believe support the bases of their claims. *See Aspin v. Allstate*, 2020 WL 1523250, at *2-3 (W.D. Wash. Mar. 30, 2020) (requiring the plaintiff to provide responses to interrogatories seeking information related to the

basis of a claim and facts supporting the plaintiff's conclusion regarding defendant's conduct). Defendants are also entitled to a computation of damages. *See Brantigan v. Depuy Spine, Inc.*, 2008 WL 4279405, at *2, *5 (W.D. Wash. Sept 12, 2008) (ordering plaintiff to provide a computation of damages and related documents). Thus, the Court directs Plaintiffs to provide reasonable, good faith responses to Interrogatory Nos. 10-13 and 15.

      2. <u>Requests for Production</u>

Allstate also requests the Court compel Plaintiffs to search for and produce all documents, communications, emails, texts, photos, etc. that are responsive to RFP Nos. 3-14 and 22-24. Dkt. 41. Mr. Leyva has provided a declaration stating he has searched his emails and phone and does not have emails or text messages pertaining to his 2016 Nissan Maxima, the two collisions, his insurance policy and claim, or Allstate or 1st Class Collision. While Defendants have not shown evidence exists that is responsive to RFP Nos. 3-14 and 22-24, Plaintiffs must produce all documents they have access to that are responsive to RFP Nos. 3-14 and 22-24. If Allstate is not satisfied with Mr. Leyva's declaration, the parties must meet and confer regarding what steps Allstate believes Plaintiffs must take to search for responsive documents and to resolve any dispute.

### III.    Conclusion

The Court has considered the relevant record and finds the parties have not met the meet and confer requirements prior to Allstate filing the Motion to Compel. However, in the interests of judicial efficiency, the Court considered the issues raised in the Motion to Compel. The Motion to Compel (Dkt. 41) is granted-in-part and denied-in-part as follows:

- Plaintiffs must provide reasonable, good faith responses to Interrogatory Nos. 10-13 and 15 on or before June 21, 2022; and
- If Allstate does not believe Mr. Leyva's declaration regarding RFP Nos. 3-14 and 22-24 is adequate, the parties must meet and confer to resolve any dispute.

The Court will not consider any additional discovery motions until the parties have fully complied with the meet and confer requirements.

Dated this 7th day of June, 2022.

David W. Christel
United States Magistrate Judge