UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANK L. LEYVA, JR. and MOLISSA A. LEYVA,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 2:21-CV-987-RSM-DWC<br><br>ORDER ON MOTIONS TO AMEND AND COMPEL |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 8. Presently before the Court are Plaintiffs Frank L. Leyva, Jr. and Molissa A. Leyva's Motion for Leave of Court to File Second Amended Complaint, Amended Motion for Leave of Court to File Second Amended Complaint ("Motion to Amend"),[1] Motion to Compel Discovery and/or Disclosure FRCP 37(a)(3)(A) ("Motion to Compel FRCP 37(a)(3)(A) Disclosure"), and Motion to Compel Discovery and Compliance with Plaintiff's FRCP 30(b)(6)

---

[1] As Plaintiffs filed an Amended Motion to Amend, the first motion to amend is moot. The Court will refer to the Amended Motion to Amend (Dkt. 55) as the Motion to Amend.

Requests ("Motion to Compel FRCP 30(b)(6) Requests"). Dkts. 54, 55, 57, 59. After review of the relevant record, the Motion to Amend (Dkt. 55) is granted, the Motion to Compel FRCP 37(a)(3)(A) Disclosure (Dkt. 57) is deferred, and the Motion to Compel FRCP 30(b)(6) Requests (Dkt. 59) is denied without prejudice as premature.

## I. Background

Plaintiffs Frank L. Leyva, Jr. and Molissa A. Leyva filed the instant action in Whatcom County Superior Court – a Washington State court – on June 9, 2021. Dkt. 1-1. The action arises from Allstate's alleged improper handling of Plaintiffs' claims of property damage and loss of use of their vehicle following a motor vehicle accident. *See id.*; Dkt. 11.

On August 29, 2022, Plaintiffs filed the Motion to Amend and, on August 30, 2022, they filed the Motions to Compel. Allstate filed responses to the Motions to Compel, but did not file a response to the Motion to Amend. *See* Dkts. 64-67. Non-party 1st Class Collision Center, LLC filed, without leave of the Court, responses to the Motion to Amend and Motion to Compel FRCP 30(b)(6) Requests. *See* Dkts. 61-63. Plaintiffs filed their replies on September 15, 2022. Dkts. 70-75.

## II. Non-Party Response

Plaintiffs initiated this lawsuit naming only Allstate as a defendant. Dkt. 1-1. On December 29, 2021, Attorney Richard Davis filed a notice of appearance on behalf of "third-party" 1st Class Collision and filed objections to a subpoena and notice of Rule 30(b)(6) deposition. Dkts. 21, 22. 1st Class Collision did not seek the Court's permission to file responses to motions filed in this case and the Court did not consider 1st Class Collision's December 2021 filings. The docket also reflects 1st Class Collision is only an interested party.

1st Class Collision is not a party in this case and the Court lacks jurisdiction over non-parties. *See e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). In fact, in its Response, 1st Class Collision concedes it is not a party. Dkt. 63, p. 2. The Court will not consider filings from a non-party absent permission from the Court. While 1st Class Collision joined the case as an "interested party," that only allows 1st Class Collision to receive CM/ECF notices of filings in the case. As 1st Class Collision is not a party and has not sought leave of the Court to file in this case, 1st Class Collision may not file responses to motions. For these reasons, the Court declines to consider any responses 1st Class Collision has filed. The Clerk is directed to strike Docket Entries 61, 62, and 63 from the docket.[2]

### III. Discussion

#### A. *Motion to Amend (Dkt. 55)*

Plaintiffs seek leave of the Court to file a second amended complaint that adds 1st Class Collision as a defendant and adds claims for violations of the Consumer Protection Act against Allstate and 1st Class Collision. Dkt. 55. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> (1) **Amending as a Matter of Course**
> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) **Other Amendments**
> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

---

[2] The Court's decision has no impact on a non-party's ability to file a proper motion to quash under Federal Rules of Civil Procedure 45.

ORDER ON MOTIONS TO AMEND AND
COMPEL - 3

Plaintiffs may not amend the amended complaint as a matter of course under 15(a)(1). Thus, Plaintiffs must have Allstate's consent or the Court's leave. Allstate did not file a response in opposition to the Motion to Amend. Pursuant to this Court's Local Rules, Allstate's decision not "to file papers in opposition to a motion ... may be considered by the court as an admission that the motion has merit." *See* Local Civil Rule ("LCR") 7(b)(2). As Allstate did not oppose the Motion to Amend, the Court finds that Allstate has admitted the Motion to Amend has merit and should be granted. Moreover, based on a review of the proposed second amended complaint, the Court finds leave to amend is appropriate. At this time, the Court does not find the proposed second amended complaint is futile. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). While Plaintiffs may have delayed in bringing the Motion to Amend, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *U.S. v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981).

As Allstate does not oppose the Motion to Amend and as the Court finds justice requires granting leave to amend, the Motion to Amend (Dkt. 55) is granted.

B. *Motions to Compel (Dkts. 57, 59)*

In the Motions to Compel, Plaintiffs seek a Court order (1) compelling Allstate to prepare a proper privilege log and produce documents that are not privileged and (2) directing 1st Class Collision to prepare and designate a representative to answer items (a) through (i) identified in Plaintiffs' 30(b)(6) notice. Dkts. 57, 59.

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

*See also* LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." LCR 37(a)(1). If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *Id*.

i.  <u>Motion to Compel FRCP 37(a)(3)(A) Disclosure (Dkt. 57)</u>

Request for Production ("RFP") No. 2 asks Allstate to

> [p]roduce [Allstate's] complete claim file relative to the subject matter. This request is intended to include each and every document and writing of any kind generated in connection with this claim including, but not limited to, claims forms, inter-office and intra-office memos, written correspondence, all personal notes, including notes of telephone conversations, logs, dairies, videotapes, statements, claim status reports, investigative reports with attachments, and any other type of reports. This request is also intended to include the separate claim files, if any, of each person who may maintain one. Any such documents to which [Allstate] claims a privilege should be specifically set forth in a privilege log and identified by date, subject matter and the privilege begin claimed.

Dkt. 57, pp. 2-3. Allstate states Plaintiffs are requesting the Court order Allstate to produce attorney-client privileged communications and/or work product. Dkt. 66.

The attorney-client privilege, as a substantive evidentiary privilege, is governed by state law. *See* Fed.R.Evid. 501; *Lexington Ins. Co. v. Swanson*, 240 F.R.D. 662, 666 (W.D.Wash. 2007). The work product doctrine, by contrast, is a procedural immunity and is therefore governed by the Federal Rules of Civil Procedure. *See Union Pacific R. Co. v. Mower,* 219 F.3d 1069, 1077 n. 8 (9th Cir.2000).

Under Washington law, attorney-client privilege is presumptively inapplicable in a first-party insurance bad faith action. *Cedell v. Farmers Ins. Co. of Wash.*, 176 Wn.2d 686, 699-700 (2013). *Cedell* creates a presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjustment process. *Id*. An "insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigation and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id*. at 699. "Upon such a showing, the insurance company is entitled to an in camera review of the claims file, and to the redaction of communications from counsel that reflected the mental impressions of the attorney to the insurance company, unless those mental impressions are directly at issue in its quasi-fiduciary responsibilities to its insured." *Id*.

"To qualify for work-product protection, documents must: (1) be 'prepared in anticipation of litigation or for trial' and (2) be prepared 'by or for another party or by or for that other party's representative.'" *United States v. Richey*, 632 F.3d 559, 567–68 (9th Cir. 2011) (quoting *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt. (Torf),* 357 F.3d 900, 907 (2004)). When a document serves a dual purpose (where it was not prepared exclusively for

1  litigation), the "because of" test is used. *Richey*, 632 F.3d at 567–68 (quoting *Torf*, 357 F.3d at
2  907). Dual purpose documents are deemed prepared because of litigation if, in light of the nature
3  of the document and the factual situation in the particular case, the document can be fairly said to
4  have been prepared or obtained because of the prospect of litigation. *Richey*, 632 F.3d at 567–68.
5  Courts must consider the totality of the circumstances and determine whether the document was
6  created because of anticipated litigation and would not have been created in substantially similar
7  form but for the prospect of litigation. *Id.* at 568.

8  Opinion work product "is virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742
9  F.3d 860, 870 n.3 (9th Cir. 2014). However, the Ninth Circuit has found that, on a case-by-case
10 basis, an insured may be able to obtain opinion work product. *Holmgren v. State Farm Mut.*
11 *Auto. Ins. Co.,* 976 F.2d 573, 577 (9th Cir. 1992). In contrast, materials prepared in the ordinary
12 course of business are not protected. Fed. F. Civ. P. 26(b)(3), 1970 Advisory Committee Notes.
13 "[A]n insurer cannot delegate its obligation to make a coverage determination, which is after all
14 its business, to an attorney and then claim 'work product privilege.'" *Tilden-Coil Constructors,*
15 *Inc. v. Landmark Am. Ins. Co.*, 2010 WL 3789104, at *1–2 (W.D. Wash. Sept. 23, 2010)
16 (quoting *Country Life Ins. Co. v. St. Paul Surplus Lines Ins. Co.*, 2005 WL 3690565, at *7 (C.D.
17 Ill. 2005)).

18  Here, the Court cannot determine whether each document listed on the privilege log is
19 protected by the attorney-client and/or work product privileges. *See* Dkt 67, pp. 19-26. For
20 example, some entries indicate the document in question is communication between an Allstate
21 employee and an attorney. *Id*. Other entries indicate a named person, presumably an Allstate
22 employee, made an entry in the claims file without any reference to litigation. *Id*. The

descriptions of the withheld documents are not sufficiently detailed to allow the Court to determine if a document has been properly withheld. *Id*.

As the Court cannot determine, based on the privilege log, if documents were properly withheld, the Court defers ruling on the Motion to Compel FRCP 37(a)(3)(A) Disclosure. To determine if Allstate is entitled to assert privileges, the Court must conduct an *in camera* review. Prior to conducting *in camera* review, the Court directs Allstate to clarify the privilege log and directs the parties to meet and confer. *See Gamble v. State Farm Mut. Auto. Ins. Co.*, 2020 WL 4193217, at *4 (W.D. Wash. July 21, 2020) (ordering defendant insurer in UIM case to produce to the Court for *in camera* review the materials at issue entered in the privilege log); *Lynch v. Safeco Insurance Company of America*, 2014 WL 12042523 (W.D. Wash. March 7, 2014) (directing parties to clarify privilege log and meet and confer before conducting *in camera* review).

      ii.    <u>Motion to Compel FRCP 30(b)(6) Requests (Dkt. 59)</u>

Plaintiffs seek a Court order directing non-party 1st Class Collision to prepare and designate a representative to answer items (a) through (i) identified in Plaintiffs' 30(b)(6) notice. Dkt. 59. The only items in dispute appear to be items (a) and (b), which request 1st Class Collision provide information related to:

    a) Any business relationships between Allstate Insurance and 1st Class Collision Center, LLC for the calendar years 2015-2020.

    b) Percentage of gross revenues for 1st Class Collision Center, LLC generated by work it did on vehicles insured by Allstate Insurance.

*See id*. at p. 3. While Allstate filed a response opposing the Motion to Compel FRCP 30(b)(6) Requests, Allstate states it is only objecting to the scope of items (a) and (b) of the discovery request because 1st Class Collision is objecting. Dkt. 64, p. 11.

ORDER ON MOTIONS TO AMEND AND
COMPEL - 8

The Court has granted Plaintiffs leave to file an amended complaint that names 1st Class Collision as a defendant in this case. The status of the parties, the scope of discovery, and the discovery procedures will change when Plaintiffs file and serve the second amended complaint. As 1st Class Collision will be a party in this case, the parties may alter their positions on the 30(b)(6) notice and the information requested in parts (a) and (b) of the notice. Therefore, the Motion to Compel FRCP 30(b)(6) Requests (Dkt. 59) is denied without prejudice as premature. The parties are directed to continue engaging in discussions regarding the disputes over the 30(b)(6) notice and scope of the information sought. The parties should only seek Court intervention if the parties reach an impasse on a substantive issue. *See Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

As the Motion to Compel FRCP 30(b)(6) Requests is denied as premature, the Court declines to award attorney's fees.

**IV. Conclusion**

For the above stated reasons, Plaintiffs' first motion to amend (Dkt. 54) is denied as moot, the Motion to Amend (Dkt. 55) is granted, the Motion to Compel FRCP 37(a)(3)(A) Disclosure (Dkt. 57) is deferred, and the Motion to Compel FRCP 30(b)(6) Requests (Dkt. 59) is denied without prejudice as premature.

Consistent with this Order, the Court directs the following:

Plaintiffs are directed to file a clean version of the proposed second amended complaint (Dkt. 55-1) as the Second Amended Complaint on or before **October 14, 2022**. Plaintiffs must

ensure the Second Amended Complaint is properly served on any newly named parties and provide proof of service pursuant to Federal Rule of Civil Procedure 4.

Allstate is directed to clarify and attempt to provide additional details in the privilege log, to include additional details as to the content of each document and the titles of the individuals named on the log. Allstate shall provide the updated privilege log to Plaintiffs by **October 21, 2022.**

The parties are directed to meet and confer to clarify and narrow the documents that are still in dispute. The parties are directed to file a joint status report by **November 10, 2022** identifying which documents, if any, must be reviewed by the Court *in camera*. If documents remain in dispute, Allstate must submit those documents to the Court for *in camera* review on that same date, **November 10, 2022**. The documents shall be filed *ex parte,* under seal.

As the Court defers ruling on Plaintiffs' Motion to Compel FRCP 37(a)(3)(A) Disclosure (Dkt. 57), the Clerk is directed to re-note the Motion to Compel FRCP 37(a)(3)(A) Disclosure (Dkt. 57) to November 10, 2022. The Clerk is also directed to strike Docket Entries 61, 62, and 63 from the docket.

Dated this 11th day of October, 2022.

David W. Christel
United States Magistrate Judge